Charles ROGERS and Emma Rogers, Plaintiffs,

v.

CITY OF KINGSTON and County of Ulster and William G. Hayman, Individually and as Building Inspector of the City of Kingston, and Andrew Gilday as Corporation Counsel of the City of Kingston and Individually and Arresting Police Officers (two officers of City of Kingston), Individually and as agents of City of Kingston (names presently unknown), and members of Zoning Board of the City of Kingston (names presently unknown), and B. F. Dutto, Individually and as Ulster County Health Commissioner, Defendants.

No. 78 Civ. 586.

United States District Court, S. D. New York.

March 10, 1978.

**230**

Bogan & Lenoir, New York City, for plaintiffs; Kip Lenoir, New York City, of counsel.

Andrew J. Gilday, Corp. Counsel of the City of Kingston, William A. Kelly, County Atty. Ulster County, Kingston, N.Y., for defendants.

LASKER, District Judge.

Charles and Emma Rogers are residents of Kingston, New York, where they operate an establishment known as "Sandwich Craft." On December 5, 1977, they were arrested at their residence on allegations of having violated the zoning ordinance of the City of Kingston, by operating a restaurant of a type not permitted in the zoning district. They bring this civil rights suit claiming that the zoning ordinance is unconstitutional on its face and as applied to them. They sue for a declaratory judgment, for damages for false arrest and imprisonment, *inter alia*, and for injunctive relief. In particular, they now move for a preliminary injunction to restrain the defendants from "further and future criminal prosecution against the plaintiffs and from continuing harassment of plaintiffs or from otherwise interfering with plaintiffs."

The motion is denied on the authority of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny, particularly, *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) and because it does not appear probable that the plaintiffs will prevail in demonstrating the unconstitutionality of the Kingston ordinance.

In *Younger v. Harris, supra,* the court reaffirmed "the fundamental policy against federal interference with state criminal prosecutions." 401 U.S. at 46, 91 S.Ct. at 751, as quoted in *Kugler v. Helfant*, 421 U.S. 117 at 123, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975). The court ruled that in the absence of exceptional circumstances creating a threat of irreparable injury, " 'both great and immediate' " a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution.

■ The present motion asks us to enjoin a pending state criminal prosecution. This we cannot do in the absence of exceptional circumstances. The plaintiffs state that the circumstances are exceptional because they are being forced out of business and prosecuted on the basis of alleged violations of an ordinance which they claim is unconstitutional on its face and as applied to them.

■ As extreme as the circumstances described may be, they do not bring the case within the formula for "exceptional circumstances" established by *Younger* and its successor cases. The facts of *Doran v. Salem Inn, Inc., supra,* are strikingly similar to those of the case at hand. In *Doran*, the defendant M & L, like the plaintiffs here, operated a restaurant. A local ordinance made it unlawful to permit service by "topless" waitresses. For a short time M & L complied with the ordinance but within weeks after its enactment brought suit in the federal district court with two other restaurants to declare the ordinance unconstitutional and to enjoin its operation. The day after institution of its federal suit, M & L resumed its prior practice of service by

topless waitresses. M & L was thereupon served with criminal summonses and prosecuted. The lower federal courts found that in the case of M & L's two companion restaurants, which were not subject to state prosecution, because they had not reinstituted topless service, an injunction was warranted as coming within the exceptional circumstances referred to in *Younger v. Harris, supra.* Although the lower federal courts distinguished M & L's posture from that of its companion restaurants they, nevertheless, enjoined the application of the ordinance as to M & L primarily on the grounds that a single treatment of the case would promote judicial economy.

The Supreme Court reversed as to M & L stating:

"Respondent M & L could have pursued the course taken by the other respondents after the denial of their request for a temporary restraining order. [That is, compliance with the ordinance] Had it done so, it would not have subjected itself to prosecution for violation of the ordinance in the state court. When the criminal summonses issued against M & L on the days immediately following the filing of the federal complaint, the federal litigation was in an embryonic stage and no contested matter had been decided. In this posture, M & L's prayer for injunction is squarely governed by *Younger.*

"We likewise believe that for the same reasons *Samuels v. Mackell* [401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688] bars M & L from obtaining declaratory relief, absent a showing of *Younger's* special circumstances, even though the state prosecution was commenced the day following the filing of the federal complaint. Having violated the ordinance, rather than awaiting the normal development of its federal lawsuit, M & L cannot now be heard to complain that its constitutional contentions are being resolved in a state court." *Doran v. Salem Inn, Inc.,* 422 U.S. at 929, 95 S.Ct. at 2566.

In the case at hand the reasons against enjoining the state prosecution are even stronger than in *Doran.* In *Doran,* the ordinance proscribing the employment of topless waitresses involved First Amendment rights not in question here; and the Court of Appeals for the Second Circuit described the *Doran* ordinance as so clearly unconstitutional that it "would have to fall." Here, the zoning ordinance appears constitutional on its face. Its language and structure are entirely similar to the norm followed by thousands of municipal ordinances throughout the country; and while plaintiffs claim that the ordinance has been unconstitutionally applied to them, they furnish no facts to indicate why the proscription of the operation of their establishment in the particular zoning district is an unconstitutional application of the ordinance. Moreover, in *Doran,* the state prosecution commenced after M & L's federal suit, albeit only one day later. Here, to the contrary, the state prosecution was commenced and in movement prior to the plaintiffs' seeking relief in this court.

Finally, we note that although generalized claims of harassment and bad faith are made in the complaint, they are unsupported by any evidence and directly denied by the answering affidavits of Andrew J. Gilday, Corporation Counsel of the City of Kingston, and Bartholomew J. Dutto, Commissioner of Health of Ulster County.

For the reasons stated, the motion for a preliminary injunction is denied.

This Memorandum constitutes our findings of fact and conclusions of law required by Rule 52(a) of the Federal Rules of Civil Procedure.

The motion is denied.

It is so ordered.